## Case No. 163.

### In re ALEXANDER.

[3 N. B. R. (1869,) 20, (Quarto;) 2 Amer. Law T. 137.]

District Court, W. D. Texas.

BANKRUPTCY—DEED OF ASSIGNMENT — RECORDATION — CLERK'S FEES—REGISTER'S FEES—MARSHAL'S FEES.

[1. Bankrupt Act 1867, § 14, provides that a copy of the deed of assignment to the assignee, "duly certified by the clerk of the court, under the seal thereof, * * * shall be conclusive evidence for such assignee to take, hold, sue for, and recover the property of the bankrupt." Held, that it is the duty of the clerk to record the original deed of assignment.]

[2. The clerk has no authority to make out or charge for a certified copy of the deed of assignment unless such copy is demanded by the assignee.]

[3. For all necessary services performed by the clerk in bankruptcy proceedings, the fees for which are not provided for by the act or general orders, but which are embraced in the fee bill of 1853, fees may be taxed under the latter; and since a "warrant," within the meaning of general order No. 2, is a process, the clerk is entitled to charge for attesting the same as for issuing a warrant under the fee bill of 1853.]

[4. A register in bankruptcy is entitled to fees for certifying the date of the receipt of papers which come to his office, although he is not required, technically speaking, to file such papers in his office.]

[5. A certificate of the correctness of petition and schedules in bankruptcy may be regarded as a question certified to the court under Bankrupt Act 1867, § 4; and as such the register has a right to charge a fee (one dollar) therefor, as provided for by rule 30. Such rule, however, does not allow separate fees for issuing order of adjudication and certifying same, but one fee (one dollar) for both; and under the same section and rule he is entitled to a fee for a certified copy of the petition and schedules which he is required to furnish the assignee.]

[6. Although rule 14 requires the register to keep a docket of his proceedings in each case, yet there is no authority for his charging anything therefor, but he is entitled to fees for certifying copies of such proceedings to the clerk.]

[7. Where, under an order of court not properly a "special order," although so regarded when made, services are performed by the register not specifically required by the law and general orders, and for which no compensation is provided, he will be allowed compensation therefor, under Bankruptcy Act 1867, § 47, allowing him not exceeding five dollars for each day's service under special order of the court. But such order will not justify an increase of the fee for services at a creditors' meeting, fixed by section 47.]

[8. The register is entitled to a fee for taking the marshal's affidavit on returning the warrant in bankruptcy, as for a deposition; and so as to an affidavit to an order calling a meeting of creditors, and an affidavit to the assignee's report.]

[9. When it appears from the bankrupt's schedules that there is a certain amount of assets, sufficient to justify a creditors' meeting, and the application for such meeting is made more than a month before the assignee's report, a fee of three dollars should be allowed to the register for the meeting.]

[10. The marshal is not entitled to charge for constructive mileage in serving a warrant in bankruptcy. Actual personal service, under order of court, is necessary.]

[11. The register and messenger cannot resort to the fee bill of 1853 for services rendered by them, respectively, which are not directly provided for by the bankrupt act and general orders.]

[In bankruptcy. Certificate to district judge by register of questions arising in the taxation of fees of clerk, register, and mar-

shal in the bankruptcy of Alexander Alexander, upon exceptions by the bankrupt's counsel to certain items of fees charged.]

DUVAL, District Judge. Upon motion of the bankrupt's counsel, the officers of the court were required to tax their costs in this case, and this having been done the following items were objected to, and the opinion of the court sought thereon, viz.:

### Of the Clerk's Costs.

1st.—Filing, certificate and entry of order to record assignment.... 40c.

2d.—Filing, certifying and entry of assignment .................. $1.05

The objection made to these two items, if I understand it correctly, is predicated upon the idea that the register has no authority to order the clerk to record the deed of assignment required to be made by the 14th section of the bankrupt act, and that in fact it is not intended by the law to be recorded. This, as it seems to me, is a mistake. The section above referred to, according to my understanding, contemplates that the original deed of assignment, after being recorded by the clerk, shall be given to the assignee, who is required to have the same recorded in the different counties, &c., wherein the bankrupt may own real estate. It provides that "a copy duly certified by the clerk of the court, under the seal thereof of the assignment, made by the judge or register, as the case may be, to him as assignee, shall be conclusive evidence for such assignee to take, hold, sue for, and recover the property of the bankrupt." If the original deed is to be delivered to the assignee, and not recorded by the clerk, I am at a loss to know how he could, if called upon, comply with this provision of the law. Moreover, if the original deed is not to be entered of record by the clerk, and the same should be lost or destroyed before the assignee could have it recorded in the proper registry offices, then no copy of it could be had. In such case, the only mode for supplying its loss would be for the judge to order the register to make another deed nunc pro tunc, and this the law does not seem to contemplate. From a careful examination of section 14, my construction is that it not only intended, but that substantial reason requires, that the clerk should record the original deed of assignment. This being so determined, the two charges above made by the clerk are unobjectionable, unless it be as to their amount, and to this I do not understand the bankrupt as excepting.

3d.—Certified copy of deed of assignment .................. $1.00

It results from the views expressed by me in regard to the two foregoing items that the clerk has no authority to make out and charge for a certified copy of the deed of assignment unless it is demanded by the assignee. Until it was otherwise ordered by the court the practice here was to file the original deed of assignment in the clerk's office, and deliver a certified copy to the assignee. I presume this was done in the present case, and hence the charge was made. Believing that such a mode of proceeding is incorrect, I sustain the exception taken to this item, unless it should appear that the certified copy was made at the request of the assignee.

The next charge objected to is:

4th.—To issue warrant in bankruptcy .................. $1.50

This charge, as I am informed by the clerk, is composed of the following items, viz.: Warrant, $1; certificate of the clerk of the date of its issuance endorsed, 15 cents; entering on docket, 15 cents, and certificate of filing same when returned, being 10 cents for filing and 15 cents for certificate, making an aggregate of $1.55, 5 cents more than the amount charged. This item is taxed under the fee bill of 1853. The objection taken to it is that it is the duty of the register to issue the warrant, and that he having charged a fee therefor in this case, the clerk can make no charge for the same act. It is true that section 11 of the bankrupt act, provides that the "judge or register shall issue a warrant to be signed by such judge or register directed to the marshal, &c. But this is qualified by rule 2, of the general orders, which requires that all process, summons, and subpoenas shall issue out of the court, under the seal thereof, and be tested by the clerk; and blanks with the signature of the clerk and seal of the court, may, upon application, be furnished to the registers." Section 10 of the bankrupt act makes it the duty of the justices of the supreme court of the United States to frame general orders for the following purposes, among others, viz.: "For regulating the fees payable, and the charges and costs to be allowed, except such as are established by this act, or by law," &c. So I take it that for all necessary services performed by the clerk of the court in proceedings in bankruptcy, the fees for which are not provided for by the act or general orders, but are provided for by the fee bill of 1853, that they may rightfully be taxed and allowed under the latter. That this is so is rendered still more obvious by the 47th section, which enacts, "that in each case there shall be allowed and paid in addition to the fees of the clerk of the court, as now established by law or as may be established by general orders, &c., the following fees, &c." Thus clearly recognizing the right of the clerk to charge according to the fee bill of 1853, for services required by the bankrupt act, and not otherwise provided for. My opinion is that the warrant is a process within the meaning of general order No. 2, and that in being tested by the clerk under seal of the court he is entitled to charge therefor as for issuing a warrant un-

der the fee bill of 1853. In one respect the warrant may be regarded as being issued by the register, for after it has been tested by the clerk under the seal of the court it is countersigned by the register, who inserts therein the names of creditors, the time appointed for their meeting, &c. My conclusion is that the clerk is entitled to the fees as charged, and that the exception taken thereto should be overruled.

Next, as to the register's bill of costs. The items excepted to are:

1st.—To filing three papers, (petition, order assignment, order reference) ...................... 75c.

I can find no warrant for this charge, inasmuch as the register is not required nor does the law seem to contemplate that he shall, technically speaking, file any papers in his office. But I think it is right that he should endorse upon each paper that comes to his office the time at which it was received. The charge made is therefore allowed, as for a certificate of this character. This, as it seems to me, is authorized by a just construction of the 30th rule. The charge is therefore allowed to the extent of 45 cents.

2d.—Certifying correctness of petition and schedules........... 55c.

Rule 7 makes it the duty of the register to examine the bankrupt's petition and schedules, and to certify whether the same are correct in form. This is a duty of some trouble and importance. Rule 30 allows him for every certificate of question to be certified to the district judge, under the 4th and 5th sections of the act, one dollar, while the certificate of the register as to the correctness of the petition and schedules is a certificate of a question which ought to be made to the court. I do not believe it is that character of certificate contemplated by the fifth section. But it seems to me it may be properly regarded as a certificate of a question arising under the fourth section, while the register is sitting in chambers, and despatching there the administrative business of the court. If this be not so, I am at a loss to conceive under what other part of the 4th section any question could be certified. Regarding it, then, as a question properly certified under the 4th section, I suppose the register would be entitled to charge $1 therefor. But if incorrect in this, I think he might certify to the correctness of the petition and each schedule separately, and as these would ordinarily constitute several papers, the charge would usually exceed that now made in this case. The exception to this item is overruled.

3d.—Issuing order of adjudication.. $1.00
4th.—Certifying same to clerk...... 1.00

For performing both the services mentioned in these two items the register is authorized under rule 30 to charge one dollar. The above charge, therefore, is double what it should be, and the exception taken thereto is sustained.

5th.—Entering case and proceedings in docket ................... $1.00
6th.—Certifying abstract of same to clerk ..................... 25c.

By section 14 the register is required to keep a docket in which to make short memorandums of his proceedings in each case, and by rule 11 he is to furnish the same to the clerk to be entered on the minutes book of the court. While the law imposes on the register the duty of keeping this docket, and it is obvious he ought to be paid for it, I can find no authority for his charging any fee therefor. But he is entitled to charge for certifying copy of these proceedings to the clerk. The exception to the 5th item is therefore sustained but overruled as to the 6th.

7th.—Certified copy of petition and schedules for assignee........ $6.50

According to my understanding, a copy of these papers is required to be furnished to the assignee by the register, under section 4, and he has the right to charge for it under rule 30. Whether the charge is too much or not I am unable to say, as this would depend upon the number of folios.

8th.—One hour's employment, calculating interest ................ 40c.

This is a service necessary in many instances to be performed, in order to determine the amount of indebtedness due from or to the bankrupt. Still, it is one not specifically required by the law, nor is any provision made to pay for it. On the 15th of October last an order was entered by the court, which, though not properly a special one, was regarded as such at the time, and may, I think, be so considered in so far as it authorized and provided for the performance of any service by the register not specifically required by the law and general orders, and for which no compensation was provided. By section 47, the register is entitled to not exceeding $5 for each day's service under special order of the court. This, taken in connection with the order of the court above referred to, seems to me to authorize this charge. If so, and one hour's service in calculating interest be regarded as one-sixth part of a day's service, the same charge ought to be made, and that of 40 cents is little enough. The exception to this item is overruled.

9th.—One day's actual service, first meeting of creditors............. $5.00
10th.—Oath upon return of warrant 50c.
11th.—One day's actual service, meeting of creditors............. $5.00

By the 47th section of the act a fee of $3 is allowed to the register for each day on which a meeting is held. It was supposed by the register, that the order of this court of 15th of October last, before referred to, justified the above charges of $5, but upon mature reflection and careful examination I am satisfied such is not the case. The fee for service rendered by a register at a meeting

of, creditors is fixed by the 47th section. It cannot be increased by means of an order designed to be special. Such seems to be the opinion of both Judges Ballard and Blatchford. and in this I concur with them. The exception, therefore, to the 9th and 11th items, is sustained. The charge in each case should be $3. The exception taken to the fee of 50 cents, is overruled. This item has reference to the marshal's oath on return of the warrant. It is in effect a deposition, and under section 47 the register has a right to charge for it as such. Whether the amount is correct or not, I have not the means of determining.

12th.—Issuing order appointing assignee ....................... $1.00
13th.—Certifying same to clerk.... 1.00

For reasons stated in regard to the 3d and 4th items a charge of but one dollar should have been made for both these services. The exception is therefore sustained.

14th.—Entering proceedings on docket ....................... 10c.
15th.—Certifying same to clerk..... 25c.

For reasons already given the exception is sustained as to the first of these two charges, and overruled as to the latter.

16th.—Application for general meeting of creditors................. $1.00
17th.—Issuing order and calling same ....................... 1.00
18th.—Certifying same to the clerk.. 1.00

The exception to the 16th item is overruled. The charge is expressly authorized by the 47th section. The exception to the two remaining items is sustained; the fee for both should be $1.

19th.—Entering proceedings on docket ....................... 50c.

To this item the exception is sustained.

20th.—General meeting of creditors $3.00

The ground of objection to this item, in connection with the 16th, seems to be that under the 27th and 28th sections of the act a meeting of creditors ought not to be held in cases where there were no assets. This is probably the correct practice, but then I do not think these meetings can be dispensed with except by an order of court, predicated upon a report of the assignee, showing that there are no assets. In this case it appears from the bankrupt's schedules that he showed about $2,500 of assets, and the application for meeting of creditors was made more than a month before the assignee's report. I think this charge is correctly made, and the exception to it is overruled.

21st.—Affidavit to order calling said meeting ....................... 50c.
22d.—Affidavit to assignee's report.. 50c.

I regard both these as depositions. The exception to them is overruled.

23d.—Entering proceedings in docket 25c.

The exception to this is sustained.

24th.—Certifying proceedings to clerk ....................... 25c.

To this charge the exception is overruled.

25th.—Filing order calling general meeting ...................... 25c.

The objection to this is sustained.

### Marshal's Costs.

Exception is taken to the 2d item thereof, being mileage on 200 miles, for service of warrant of bankruptcy, $20. The 11th section of the act provides the mode by which the warrant shall be served, and I do not think it authorizes any charge for constructive mileage. There must be actual personal service under order of the court to authorize it. The exception to this charge is sustained.

As an act of justice to the officers of the court I will here say that until my attention was called specially to the matter of costs by the exceptions taken in this case, my impression was that for any service rendered by them respectively, not directly provided for by the bankrupt act or general orders, they could resort to the fee bill of 1853, and this they understood from me in conversation. That such is the case, so far as the clerk is concerned, there can be no doubt, but, upon mature investigation I am inclined to the opinion that the register and messenger are not embraced in this rule. It is proper, also, that I should say in justification of the register that in making the charge of $5 for each of two days' service, he supposed that he was authorized to do so by the order of this court of 15th October last. He was further misled in making the charge, embraced in items 3d and 4th, 12th and 13th, 17th and 18th, by the fee bill of the register, as published in Rice's Manual, page 231. The clerk will certify this opinion to the register, W. D. Price, Esq.